IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JULIO CHAPA AND <br> LETICIA CHAPA, <br><br> Plaintiffs, <br><br> VS. <br><br> TESLA LOGISTICS SERVICES, LLC, <br> BONUS TRANSPORTATION, LLC, <br> MIRSAD MALKIC, TESLA LEASING, LLC, <br><br> Defendants. | ' <br> ' <br> ' <br> ' <br> ' <br> ' <br> ' <br> ' <br> ' <br> ' <br> ' <br> ' | Civil Action No. 2:17-cv-00172-J |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, JULIO CHAPA AND LETICIA CHAPA (hereinafter referred to as "Plaintiffs"), and respectfully file this Second Amended Complaint against TESLA LOGISTIC SERVICES, LLC, BONUS TRANSPORTATION, LLC, MIRSAD MALKIC, and TESLA LEASING, LLC (sometimes referred to collectively as "Defendants"), and in support hereof would state and show the following:

### I. Parties

1. Plaintiff Julio Chapa is a resident and citizen of Dumas, Moore County, Texas.

2. Plaintiff Leticia Chapa is a resident and citizen of Dumas, Moore County, Texas.

3. Defendant Tesla Logistic Services, LLC is a foreign Corporation doing business in Texas and service of process upon this Defendant is not necessary as this Defendant has answered.

4. Defendant Mirsad Malkic is an individual who is understood to be a resident of Aiken, South Carolina, and service on this Defendant is not necessary as this Defendant has answered.

5. Defendant Tesla Leasing, L.L.C. is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its registered agent for service, LEGAL CORP SOLUTIONS, INC. located at 13854 LAKESIDE CIR 2ND FL., STERLING HEIGHTS, MI 48313.

## II.  Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 26 U.S.C. 1332 because Plaintiffs are citizens of Texas.  Defendant TESLA LOGISTIC SERVICES is a Michigan corporation doing business in Texas.  Defendant BONUS TRANSPORTATION is a Michigan corporation doing business in Texas.  Defendant MIRSAD MALKIC is a citizen of South Carolina.  Defendant TESLA LEASING, LLC is a Michigan corporation doing business in Texas.

## III. Facts

7. On or about August 30, 2016, Julio Chapa was driving a 2012 GMC Terrain West on RM1319 when he came to a stop behind a 2006 Peterbilt Semi-truck and trailer.

8. The tractor portion of the tractor-trailer was owned, at least in part if not fully, by Bonus Transportation, and the trailer was believed to be owned by Bonus Transportation under lease to Tesla Logistics and/or Tesla Leasing, LLC with exclusive control and possession by Tesla Logistics and/or Tesla Leasing, LLC. The tractor-trailer was driven by Mirsad Malkic, who may also have an ownership interest in the tractor-trailer. Mr. Malkic was believed to be working and/or contracting with Tesla Logistics Services, Tesla Leasing, LLC and/or Bonus Transportation at the time of the accident made the basis of this suit.

9. For reasons unknown at this time, the semi-truck, after sitting still for some time, began to back up just as Mr. Chapa was approaching the semi-truck to see if the driver needed help.  Mr. Chapa ran back to the safety of his vehicle and was injured while re-entering his vehicle as the semi-truck and trailer, driving in reverse, struck his vehicle and pushed it backward for several yards.

10. Mr. Malkic's semi-truck and trailer hit Mr. Chapa's GMC vehicle with such force, causing Mr. Chapa to injure his back while entering his vehicle, resulting in severe and debilitating injuries to Mr. Chapa requiring surgery.

11. The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of the Plaintiffs' damages.

12. The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of Mr. Chapa's serious injuries.

### IV.  Cause(s) of Action as to Defendants Tesla Leasing, LLC, Tesla Logistics Services, Bonus Transportation and Mirsad Malkic

13. Defendants were negligent and said negligence was the proximate cause of the serious injuries to Julio Chapa and Plaintiffs' damages.  Specifically, the following or other unlisted acts/omissions constituted negligence and/or gross negligence of Defendants:

    a. failure to maintain proper control of a tractor/trailer;
    b. failure to keep a proper lookout for vehicles while in reverse;
    c. improperly backing a tractor/trailer on roadway;
    d. failure to timely apply brakes;
    e. unsafe operation of the tractor/trailer;
    f. failure to have an adequate safety policy in place;
    g. failure to have proper training for drivers;
    h. failure to properly investigate drivers utilized for hauling;
    i. failure to have policies and procedures in place to investigate drivers prior to hiring them; and
    j. failure to follow proper safety precautions.

14. The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of the Plaintiffs' damages.

15. The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of Julio Chapa's serious injuries.

### V.  Damages To Plaintiffs

16. As a result of the acts and/or omissions of one or more of the Defendants, Plaintiff Julio Chapa has endured mental anguish, pain and suffering, physical impairment, disfigurement, loss of earnings, interference with his daily activities, and a reduced capacity to enjoy life, both past and future, as a result of his injuries proximately caused by this accident.

17. As a result of the acts and/or omissions of one or more of the Defendants, Plaintiff Julio Chapa has become obligated to pay extensive medical expenses, both past and future, as a result of his injuries proximately caused by this accident.

18. As a result of the acts and/or omissions of one or more of the Defendants, Plaintiff, Leticia Chapa, has suffered loss of consortium in the past and future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations, and the loss of household services, and will in all probability suffer such loss of consortium and household services in the future.

19. The above and foregoing acts and/or omissions of one or more of the Defendants, resulting in the serious injuries to Julio Chapa, have caused damages to Plaintiffs in an amount within the minimum jurisdictional limits of this Court.

## VI. Prayer

20. For the reasons presented herein, Plaintiffs pray that upon a final trial of this cause, Plaintiffs recover judgment from the Defendants utilizing *Res Ipsa Loquitor* for:

   a. economic and non-economic damages;
   b. prejudgment and post-judgment interest beginning August 30, 2016;
   c. costs of suit; and
   d. all other relief the Court deems proper.

21. In the alternative, for the reasons presented herein, Plaintiffs pray that upon a final trial of this cause, Plaintiffs recover judgment, jointly and severally from each and every Defendant, individually and/or collectively for:

   a. economic and non-economic damages;
   b. prejudgment and post-judgment interest beginning August 30, 2016;
   c. costs of suit; and
   d. all other relief the Court deems proper.

Respectfully submitted,

**The TRACY Firm**

 /s/ Stewart D. Matthews
E. Todd Tracy
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
Stewart D. Matthews (Lead Counsel)
State Bar No. 24036408
smatthews@vehiclesafetyfirm.com
5473 Blair Road, Ste. 200
Dallas, TX 75231
(214) 324-9000
(972) 387-2205 (Fax)

AND

**SMITH WILSON LAW FIRM**

Mark Wilson
P. O. Box 212
Canyon, TX 79015
(806)372-4120
(806) 372-4501 (fax)
mark@smithwilsonlaw.com
State Bar No. 21704450

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2017, a true and correct copy of the foregoing document was caused to be served on all counsel of record in accordance with a manner authorized by the Federal Rules of Civil Procedure.

   /s/ Stewart D. Matthews
Stewart D. Matthews